JS 44 (Rev. 1/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Malik Jenkins and Shakena Jenkins (h/w)
Irvington, New Jersey 07111 and JOHN VOLINO
7343 Elm Court, Monmouth Junction, South Brunswick, NJ 08852

**(b)** County of Residence of First Listed Plaintiff **Essex**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, Email and Telephone Number)*
Robert E. Myers, Esquire, Coffey Kaye Myers & Olley
Suite 718, Two Bala Plaza, Bala Cynwyd, PA 19004
(610) 668-9800, rmyers@ckmo.com

## DEFENDANTS
Consolidated Rail Corporation, Philadelphia, PA
Renzenberger Transportation, Inc., Lenexa, KS 66215, AALBA
Auto Salvage, Inc., Ridgewood, NY, Wendell R. Evans, Jamaica, NY

County of Residence of First Listed Defendant **Philadelphia**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

❏ 1    U.S. Government
Plaintiff

☒ 3    Federal Question
*(U.S. Government Not a Party)*

❏ 2    U.S. Government
Defendant

❏ 4    Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                                *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** — **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane ❏ 365 Personal Injury - | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Product Liability | | | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | Liability ❏ 367 Health Care/ | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment | ❏ 320 Assault, Libel & Pharmaceutical | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| & Enforcement of Judgment | Slander Personal Injury | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 151 Medicare Act | ☒ 330 Federal Employers' Product Liability | | ❏ 840 Trademark | ❏ 460 Deportation |
| ❏ 152 Recovery of Defaulted | Liability ❏ 368 Asbestos Personal | | | ❏ 470 Racketeer Influenced and |
| Student Loans | ❏ 340 Marine Injury Product | **LABOR** | **SOCIAL SECURITY** | Corrupt Organizations |
| (Excludes Veterans) | ❏ 345 Marine Product Liability | ❏ 710 Fair Labor Standards | ❏ 861 HIA (1395ff) | ❏ 480 Consumer Credit |
| ❏ 153 Recovery of Overpayment | Liability **PERSONAL PROPERTY** | Act | ❏ 862 Black Lung (923) | ❏ 490 Cable/Sat TV |
| of Veteran's Benefits | ❏ 350 Motor Vehicle ❏ 370 Other Fraud | ❏ 720 Labor/Management | ❏ 863 DIWC/DIWW (405(g)) | ❏ 850 Securities/Commodities/ |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle ❏ 371 Truth in Lending | Relations | ❏ 864 SSID Title XVI | Exchange |
| ❏ 190 Other Contract | Product Liability ❏ 380 Other Personal | ❏ 740 Railway Labor Act | ❏ 865 RSI (405(g)) | ❏ 890 Other Statutory Actions |
| ❏ 195 Contract Product Liability | ❏ 360 Other Personal Property Damage | ❏ 751 Family and Medical | | ❏ 891 Agricultural Acts |
| ❏ 196 Franchise | Injury ❏ 385 Property Damage | Leave Act | | ❏ 893 Environmental Matters |
| | ❏ 362 Personal Injury - Product Liability | ❏ 790 Other Labor Litigation | | ❏ 895 Freedom of Information |
| | Medical Malpractice | ❏ 791 Employee Retirement | **FEDERAL TAX SUITS** | Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** **PRISONER PETITIONS** | Income Security Act | ❏ 870 Taxes (U.S. Plaintiff | ❏ 896 Arbitration |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights **Habeas Corpus:** | | or Defendant) | ❏ 899 Administrative Procedure |
| ❏ 220 Foreclosure | ❏ 441 Voting ❏ 463 Alien Detainee | | ❏ 871 IRS—Third Party | Act/Review or Appeal of |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment ❏ 510 Motions to Vacate | | 26 USC 7609 | Agency Decision |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Sentence | | | ❏ 950 Constitutionality of |
| ❏ 245 Tort Product Liability | Accommodations ❏ 530 General | | | State Statutes |
| ❏ 290 All Other Real Property | ❏ 445 Amer. w/Disabilities - ❏ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 446 Amer. w/Disabilities - ❏ 540 Mandamus & Other | ❏ 465 Other Immigration | | |
| | Other ❏ 550 Civil Rights | Actions | | |
| | ❏ 448 Education ❏ 555 Prison Condition | | | |
| | ❏ 560 Civil Detainee - | | | |
| | Conditions of | | | |
| | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original
Proceeding

❏ 2 Removed from
State Court

❏ 3 Remanded from
Appellate Court

❏ 4 Reinstated or
Reopened

❏ 5 Transferred from
Another District
*(specify)*

❏ 6 Multidistrict
Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FELA and 28 USC 1332
Brief description of cause:
Negligent operation of vehicle by railroad and its agent

## VII. REQUESTED IN COMPLAINT:
❏ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $
175,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ❏ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*

JUDGE _____    DOCKET NUMBER _____

DATE
07/07/2016

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| MALIK JENKINS and ) <br> SHAKENA JENKINS (h/w) ) <br> Irvington, NJ  07111 ) <br>         and ) <br> JOHN VOLINO ) <br> 7343 Elm Court ) <br> Monmouth Junction ) <br> South Brunswick, NJ  08852 ) <br>                                      ) <br>                       Plaintiffs   ) <br>                                      ) <br>            vs.                     ) <br>                                      ) <br> CONSOLIDATE RAIL CORPORATION ) <br> 1717 Arch Street, 32nd Floor    ) <br> Philadelphia, PA  19103-2713  ) <br>         and                       ) <br> RENZENBERGER TRANSPORTATION INC. ) <br> 14325 W. 95th Street            ) <br> Lenexa, KS  66215              ) <br>         and                       ) <br> AALBA AUTO SALVAGE, INC.   ) <br> 151 Woodward Avenue          ) <br> Ridgewood, NY  11385          ) <br>         and                       ) <br> WENDELL R. EVANS             ) <br> 17001 118th Road                 ) <br> Jamaica, NY  11434             ) <br>                                      ) <br>                       Defendants ) | CIVIL ACTION <br><br><br><br><br><br><br><br><br> JURY TRIAL DEMANDED <br><br><br><br><br><br> NO.: |

---

## C O M P L A I N T

### COUNT I
### MALIK JENKINS vs. CONSOLIDATED RAIL CORPORATION

1.      The plaintiff herein is Malik Jenkins, a citizen and resident of New Jersey residing therein at 151 Carolina Avenue, Irvington, NJ  07111.

2.     This action arises under the Act of Congress, April 22, 1908, c. 149, 35 Stat. 65, and amendments thereto, U.S.C.A. Title 45, §51 et seq., and further amended by the Act of Congress, approved by the President of the United States on August 11, 1939, Chapter 685 - First Session of the 76th Congress, known and cited as "The Federal Employers' Liability Act" and under "The Federal Safety Appliances Act," Title 49, U.S.C.A., §§ 20301, et seq., and "The Federal Boiler Inspection Act," Title 49 U.S.C.A., §§ 203702, et seq.

3.     The defendant is a corporation duly organized and existing under and by virtue of the laws of the Commonwealth of Pennsylvania and does business in the Eastern District of Pennsylvania.

4.     At the time and place hereinafter mentioned and for a long time prior thereto, the defendant, as a common carrier, operated trains carrying passengers, freight, express packages, baggage and foreign and domestic mail, in commerce, between the different states of the United States and its territories.

5.     At the time and place hereinafter mentioned, the acts of omission and commission, causing the injuries to the plaintiff, were done by the defendant, its agents, servants, workmen and/or employees, acting in the course and scope of their employment with and under the control of the defendant.

6.     At the time and place hereinafter mentioned, the plaintiff and the defendant were engaged in interstate commerce between the different states of the United States and its territories.

7.     All of the property, equipment and operations involved in the accident herein referred to were owned by and under the control of the defendant, its agents, servants, workmen and/or employees.

8.     As a result of the accident herein referred to, plaintiff has suffered a loss and impairment of earnings and earning power and will suffer the same for an indefinite time in the future; has undergone great physical pain and mental anguish and will undergo the same for an indefinite time in the future; has been obliged to and will have to continue to expend large sums of money in the future in an effort to effect a cure of his aforesaid injuries; has been unable to attend to his usual duties and occupation and will be unable to attend to the same for an indefinite time in the future, all to his great detriment and loss.

9.     The accident herein referred to was caused solely and exclusively by the negligence of the defendant, its agents, servants, workmen and/or employees, and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff.

10.     On or about December 30, 2014, at or about 10:45 a.m., and for some time prior thereto, plaintiff, Malik Jenkins, was employed by Conrail.  On that date, and at that time, in the performance of his duties, plaintiff was ordered to travel by a vehicle owned and/or operated by Renzenberger Transportation, Inc., from Port Newark, NJ to Linden, NJ.  At all times material hereto, Renzenberger Transportation, Inc., was acting at the agents, servants, workmen and/or employees of Conrail.  As a result of the negligence of the defendant, it's agents, servants, workmen and/or employees, including the negligence of Renzenberger and its employed driver, the van in which the plaintiff was located suddenly and improperly moved from the middle to the right hand lane, resulting in a collision with a vehicle owned and/or operated by AALBA Auto Salvage, Inc., and/or Wendell R. Evans.  The aforementioned accident occurred on Route 1, alternately called Route 9, in Linden, NJ.   As a result of this accident plaintiff sustained a serious and painful personal injury particularly hereinafter set forth.

11.    The aforesaid accident was caused by the negligence of the defendant, its agents, servants, workmen and/or employees, and by the defendant's violation of "The Federal Employers' Liability Act," "The Federal Safety Appliances Act" and "The Federal Boiler Inspection Act," and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff.

12.    As a result of the aforesaid accident, plaintiff sustained injuries to @his body, including but at this time not limited to, its bones, cells, tissues, nerves, muscles and functions. Plaintiff sustained neck strain, multiple contusions, MVC, internal derangement of the right knee, and medial meniscus tear.  Some or all of the above injuries are or may be permanent in nature. The full extent of plaintiff's injuries are not presently known.

## COUNT II

## JOHN VOLINO vs. CONSOLIDATED RAIL CORPORATION

13.    The plaintiff herein is John Volino, a citizen and resident of New Jersey, residing therein at 7343 Elm Court, Monmouth Junction, South Brunswick, NJ  08852.

14.    This action arises under the Act of Congress, April 22, 1908, c. 149, 35 Stat. 65, and amendments thereto, U.S.C.A. Title 45, §51 et seq., and further amended by the Act of Congress, approved by the President of the United States on August 11, 1939, Chapter 685 - First Session of the 76th Congress, known and cited as "The Federal Employers' Liability Act" and under "The Federal Safety Appliances Act," Title 49, U.S.C.A., §§ 20301, et seq, and "The Federal Boiler Inspection Act," Title 49 U.S.C.A., §§ 203702, et seq.

15.    The defendant is a corporation duly organized and existing under and by virtue of the laws of the Commonwealth of Pennsylvania and does business in the Eastern District of Pennsylvania.

16.    At the time and place hereinafter mentioned and for a long time prior thereto, the defendant, as a common carrier, operated trains carrying passengers, freight, express packages, baggage and foreign and domestic mail, in commerce, between the different states of the United States and its territories.

17.    At the time and place hereinafter mentioned, the acts of omission and commission, causing the injuries to the plaintiff, were done by the defendant, its agents, servants, workmen and/or employees, acting in the course and scope of their employment with and under the control of the defendant.

18.    At the time and place hereinafter mentioned, the plaintiff and the defendant were engaged in interstate commerce between the different states of the United States and its territories.

19.    All of the property, equipment and operations involved in the accident herein referred to were owned by and under the control of the defendant, its agents, servants, workmen and/or employees.

20.    As a result of the accident herein referred to, plaintiff has suffered a loss and impairment of earnings and earning power and will suffer the same for an indefinite time in the future; has undergone great physical pain and mental anguish and will undergo the same for an indefinite time in the future; has been obliged to and will have to continue to expend large sums of money in the future in an effort to effect a cure of his aforesaid injuries; has been unable to attend to his usual duties and occupation and will be unable to attend to the same for an indefinite time in the future, all to his great detriment and loss.

21.     The accident herein referred to was caused solely and exclusively by the negligence of the defendant, its agents, servants, workmen and/or employees, and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff.

22.     On or about December 30, 2014, at or about 10:45 a.m., and for some time prior thereto, plaintiff, John Volino, was employed by Conrail.  On that date, and at that time, in the performance of his duties, plaintiff was ordered to travel by a vehicle owned and/or operated by Renzenberger Transportation, Inc., from Port Newark, NJ to Linden, NJ.  At all times material hereto, Renzenberger Transportation, Inc., was acting at the agents, servants, workmen and/or employees of Conrail.  As a result of the negligence of the defendant, it's agents, servants, workmen and/or employees, including the negligence of Renzenberger and its employed driver, the van in which the plaintiff was located suddenly and improperly moved from the middle to the right hand lane, resulting in a collision with a vehicle owned and/or operated by AALBA Auto Salvage, Inc., and/or Wendell R. Evans.  The aforementioned accident occurred on Route 1, alternately called Route 9, in Linden, NJ.   As a result of this accident plaintiff sustained a serious and painful personal injury particularly hereinafter set forth.

23.     The aforesaid accident was caused by the negligence of the defendant, its agents, servants, workmen and/or employees, and by the defendant's violation of "The Federal Employers' Liability Act," "The Federal Safety Appliances Act" and "The Federal Boiler Inspection Act," and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff.

24.     As a result of the aforesaid accident, plaintiff sustained injuries to his body, including but at this time not limited to, its bones, cells, tissues, nerves, muscles and functions. Plaintiff sustained cervical strain, thoracic strain, pain in neck and upper thoracic area, right

shoulder with minimal rotator cuff tendinosis.   Some or all of the above injuries are or may be permanent in nature.   The full extent of plaintiff's injuries are not presently known.

WHEREFORE, plaintiff claims of the defendant, a sum in excess of One Hundred Fifty Thousand Dollars ($150,000.00).

## COUNT III

### MALIK JENKINS vs. RENZENBERGER TRANSPORATION, INC., AND AALBA AUTO SALVAGE, INC., AND WENDELL R. EVANS

25.     Plaintiff, Malik Jenkins, is an individual citizen and resident of the state of New Jersey, residing therein at 151 Carolina Avenue, Irvington, NJ  07111.

26.     Defendant, Renzenberger Transportation, Inc., is a corporation duly organized and existing under the laws and by virtue of the laws of a state other than New Jersey, with its principle place of business being located at 14325 W. 95th Street, Lenexa, KS  66215.

27.     Defendant, AALBA Auto Salvage, Inc., is a corporation duly organized and existing under the laws and by virtue of the laws of a state other than New Jersey, with its principle place of business being located at 151 Woodward Avenue, Ridgewood, NY  11385.

28.     Defendant, Wendell R. Evans, is an individual citizen and resident of the state of New York, residing there at 17001 118th Road, Jamaica, NY  11434.

29.     At all times material hereto defendant Evans was the agent, servant, workman and/or employee of defendant AALBA Auto Salvage, Inc.

30.     At all times material hereto, each of the respective defendants acted individually and/or through their respective agents, servants, workmen and/or employees.

31.     Jurisdiction is founded upon diversity of citizenship and the amount in controversy is in excess of One Hundred Fifty Thousand Dollars ($150,000.00), exclusive of costs and interest.

32.     On or about December 30, 2014 at or about 10:45 a.m., pursuant to the orders of his employer, Conrail, plaintiff, Malik Jenkins, was located in a van owned, controlled, possesses, and/or operated by Renzenberger Transportation, Inc.

33.     On the aforementioned date, and at the aforementioned time, the Renzenberger Transportation, Inc., vehicle was travelling southbound on Route 1, alternately called Route 9, in Linden, NJ.

34.     On the aforementioned date, and at the aforementioned time, the Renzenberger Transportation, Inc., vehicle in which plaintiff was required to ride by Conrail was being operated in a negligent and careless manner.   Specifically, the Renzenberger Transportation, Inc., vehicle improperly and unsafely travelled from the middle to the right lane of the highway.

35.     On the aforementioned date, and at the aforementioned time, as a result of the negligence of defendant AALBA Auto Salvage, Inc., and Wendell R. Evans, their vehicle suddenly and without warning rear ended defendant Renzenberger Transportation, Inc.'s vehicle.

36.     As a result of the joint and several negligence of defendants Renzenberger Transportation, Inc., AALBA Auto Salvage, Inc., and Wendell R. Evans, a collision occurred between the vehicles in which the plaintiff was located and the AALBA vehicle, causing plaintiff to violently move within the vehicle and resulting with serious painful and permanent personal injuries more particularly hereinafter set forth.

37.     The aforementioned accident was caused by the negligence of the defendants, Renzenberger Transportation, Inc., AALBA Auto Salvage, Inc., and Wendell R. Evans, jointly and severely, as well as the negligence of Conrail, and was not caused by any conduct on the part of the plaintiff.

38.     As a result of the aforesaid accident, plaintiff sustained injuries to @his body, including but at this time not limited to, its bones, cells, tissues, nerves, muscles and functions. Plaintiff sustained neck strain, multiple contusions, MVC, internal derangement of the right knee, and medial meniscus tear.  Some or all of the above injuries are or may be permanent in nature. The full extent of plaintiff's injuries is not presently known.

39.     As a result of the accident herein referred to, plaintiff has suffered a loss and impairment of earnings and earning power and will suffer the same for an indefinite time in the future; has undergone great physical pain and mental anguish and will undergo the same for an indefinite time in the future; has been obliged to and will have to continue to expend large sums of money in the future in an effort to effect a cure of his aforesaid injuries and has been unable to attend to the same for an indefinite time in the future, all to his great detriment and loss.

**COUNT IV**

**JOHN VOLINO vs. RENZENBERGER TRANSPORATION, INC.,
AND AALBA AUTO SALVAGE, INC., AND WENDELL R. EVANS**

40.     Plaintiff, John Volino, is an individual citizen and resident of the state of New Jersey, residing therein at 7343 Elm Court, Monmouth Junction, South Brunswick, NJ  08852.

41.     Defendant, Renzenberger Transportation, Inc., is a corporation duly organized and existing under the laws and by virtue of the laws of a state other than New Jersey, with its principle place of business being located at 14325 W. 95th Street, Lenexa, KS  66215.

42.     Defendant, AALBA Auto Salvage, Inc., is a corporation duly organized and existing under the laws and by virtue of the laws of a state other than New Jersey, with its principle place of business being located at 151 Woodward Avenue, Ridgewood, NY  11385.

43.     Defendant, Wendell R. Evans, is an individual citizen and resident of the state of New York, residing there at 17001 118th Road, Jamaica, NY 11434.

44.     At all times material hereto defendant Evans was the agent, servant, workman and/or employee of defendant AALBA Auto Salvage, Inc.

45.     At all times material hereto, each of the respective defendants acted individually and/or through their respective agents, servants, workmen and/or employees.

46.     Jurisdiction is founded upon diversity of citizenship and the amount in controversy is in excess of One Hundred Fifty Thousand Dollars ($150,000.00), exclusive of costs and interest.

47.     On or about December 30, 2014 at or about 10:45 a.m., pursuant to the orders of his employer, Conrail, plaintiff, Malik Jenkins, was located in a van owned, controlled, possesses, and/or operated by Renzenberger Transportation, Inc.

48.     On the aforementioned date, and at the aforementioned time, the Renzenberger Transportation, Inc., vehicle was travelling southbound on Route 1, alternately called Route 9, in Linden, NJ.

49.     On the aforementioned date, and at the aforementioned time, the Renzenberger Transportation, Inc., vehicle in which plaintiff was required to ride by Conrail was being operated in a negligent and careless manner.   Specifically, the Renzenberger Transportation, Inc., vehicle improperly and unsafely travelled from the middle to the right lane of the highway.

50.     On the aforementioned date, and at the aforementioned time, as a result of the negligence of defendant AALBA Auto Salvage, Inc., and Wendell R. Evans, their vehicle suddenly and without warning rear ended defendant Renzenberger Transportation, Inc.'s vehicle.

51.     As a result of the joint and several negligence of defendants Renzenberger Transportation, Inc., AALBA Auto Salvage, Inc., and Wendell R. Evans, a collision occurred between the vehicles in which the plaintiff was located and the AALBA vehicle, causing plaintiff to violently move within the vehicle and resulting with serious painful and permanent personal injuries more particularly hereinafter set forth.

52.     The aforementioned accident was caused by the negligence of the defendants, Renzenberger Transportation, Inc., AALBA Auto Salvage, Inc., and Wendell R. Evans, jointly and severely, as well as the negligence of Conrail, and was not caused by any conduct on the part of the plaintiff.

53.     As a result of the aforesaid accident, plaintiff sustained injuries to @his body, including but at this time not limited to, its bones, cells, tissues, nerves, muscles and functions. Plaintiff sustained cervical strain, thoracic strain, pain in neck and upper thoracic area, right shoulder with minimal rotator cuff tendinosis.  Some or all of the above injuries are or may be permanent in nature.  The full extent of plaintiff's injuries is not presently known.

54.     As a result of the accident herein referred to, plaintiff has suffered a loss and impairment of earnings and earning power and will suffer the same for an indefinite time in the future; has undergone great physical pain and mental anguish and will undergo the same for an indefinite time in the future; has been obliged to and will have to continue to expend large sums of money in the future in an effort to effect a cure of his aforesaid injuries and has been unable to attend to the same for an indefinite time in the future, all to his great detriment and loss.

**COUNT V**

**SHAKENA JENKINS vs. RENZENBERGER TRANSPORATION, INC.,
AND AALBA AUTO SALVAGE, INC., AND WENDELL R. EVANS**

55.     Plaintiff, Shakina Jenkins, incorporates by reference all of the averments of Count III.

56.     Based on the jurisdictional averments Count III, Mrs. Jenkins losses are also brought pursuant to diversity of citizenship.

57.     As a result of the injuries sustained by husband-plaintiff as aforesaid, wife-plaintiff has been deprived of the society, companionship and consortium of her husband-plaintiff herein, and she will be deprived of the same for an indefinite time in the future, to her great detriment and loss.

WHEREFORE, each plaintiff demands upon each of the foregoing Counts a sum against the defendants, jointly and severely, in excess of One Hundred Fifty Thousand Dollars ($150,000.00).

Respectfully submitted,

COFFEY KAYE MYERS & OLLEY

By: _____
ROBERT E. MYERS, ESQUIRE
Suite 718, Two Bala Plaza
Bala Cynwyd, PA  19004
(610) 668-9800
Attorney for Plaintiffs

Date: 7/7/16