# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

<u>NOT FOR PUBLICATION</u>

|  |  |
|---|---|
| MALIK JENKINS,<br><br>        Plaintiff,<br><br>v.<br><br>RENZENBERGER<br>TRANSPORTATION INC., et al.,<br><br>        Defendants. | Civil Action No.<br><br>2:16-cv-04074-MCA-SCM<br><br>**OPINION ON ORDER TO SHOW<br>CAUSE FOR FAILURE TO<br>COOPERATE IN DISCOVERY<br>[D.E. 50]** |

STEVEN C. MANNION, United States Magistrate Judge.

Before this Court is an Order to Show Cause why Defendant Wendell R. Evans' ("Mr. Evans") should not be sanctioned for failure to cooperate in discovery and for failure to comply with this Court's orders.[1] For the reasons stated below, Mr. Evans is ordered to pay the reasonable expenses, including attorney's fees, resulting from his failure to appear for his deposition in this matter. I shall reserve decision on whether to recommend that Mr. Evans' pleading be stricken for failing to comply with this Court's orders.

## I.    <u>BACKGROUND AND PROCEDURAL HISTORY</u>[2]

This action was filed on July 7, 2016.[3] On November 22, 2016, the Court entered its initial scheduling order, which prescribed the timing for the parties to serve and respond to discovery

---

[1] (ECF Docket Entry No. ("D.E.") 50).

[2] The allegations set forth within the pleadings and motion record are relied upon for purposes of this motion only. The Court has made no findings as to the veracity of the parties' allegations.

[3] (D.E. 1).

requests.[4]

Counsel subsequently confirmed that "[a]ll of the discovery in this case has been completed with the exception of" the deposition of Mr. Evans.[5] It was explained that Mr. Evans was not available to testify because of illness. As a result, the discovery end date was extended "to complete the deposition of Wendell Evans by" November 30, 2017.[6]

By letter dated January 25, 2018, counsel advised that Mr. Evans' deposition still had not been completed.[7] All counsel agreed to conduct the deposition via telephone to accommodate Mr. Evans, but Mr. Evans failed to communicate with his attorney.

On January 29, 2018, "[f]act discovery was [again] extended to complete Mr. Evans' deposition by" February 28, 2018.[8]

Mr. Evans then proposed, through counsel, that he be produced for "video deposition at a facility near his home on" March 28, 2018.[9] The Court accommodated the request, and on March 19, 2018, extended fact discovery again "to complete Mr. Evans' deposition by" May 1, 2018.[10]

On April 27, 2018, substitute counsel entered his appearance for Mr. Evans.[11] Thereafter, the Court ordered that Mr. Evans be "produced for deposition by" June 30, 2018.[12]

---

[4] (D.E. 21).

[5] (D.E. 35).

[6] (D.E. 36).

[7] (D.E. 40).

[8] (D.E. 42).

[9] (D.E. 43).

[10] (D.E. 45).

[11] (D.E. 46).

By letter dated July 3, 2018, Mr. Evans' counsel advised that Mr. Evans has not communicated with him and he was "frankly at a loss to know how to have Mr. Evans come to a deposition in this matter…."[13]

On July 5, 2018, this Court ordered Mr. Evans show cause in writing why he should not be sanctioned for failing to cooperate in discovery and for failing to comply with the Court's orders.[14] Counsel responded by memorializing their efforts to accommodate Mr. Evans' deposition, and their communication that he was required to appear in Court on August 24, 2018.[15]

Mr. Evans failed to respond to the order to show cause and did not appear in Court on August 24, 2018.

## II.  MAGISTRATE JUDGE AUTHORITY

Magistrate judges are authorized to decide any non-dispositive motion designated by the Court.[16] This District specifies that magistrate judges may determine all non-dispositive pre-trial motions which includes discovery motions.[17] Decisions by magistrate judges must be upheld unless "clearly erroneous or contrary to law."[18]

---

[12] (D.E. 48).

[13] (D.E. 49).

[14] (D.E. 50).

[15] (D.E. 51-1).

[16] 28 U.S.C. § 636(b)(1)(A).

[17] L. CIV. R. 72.1(a)(1); 37.1.

[18] 28 U.S.C. § 636(b)(1)(A).

## III.  **LEGAL STANDARD AND ANALYSIS**

Courts have the authority to impose sanctions if "a person … fails, after being served with proper notice, to appear for that person's deposition."[19]  This provision expressly incorporates the menu of sanctions available in Rule 37(b)(2)(A)(ii)-(vii), which includes striking the disobedient party's pleadings in whole or in part, as well as "dismissing the action[.]"[20] Here, Mr. Evans was repeatedly afforded notice, through his counsel, that he was required to appear for deposition but has not. Mr. Evans has also failed to show good cause why he cannot be deposed in-person, via video, or by telephone, though each of those accommodations have been made available to him. Accordingly, the Court will impose sanctions against Mr. Evans for failing to appear for his deposition.

I will reserve decision whether to recommend additional sanctions for Mr. Evans' failure to comply with this Court's Orders.

An appropriate Order follows:

**ORDER**

**IT IS** on this Monday, September 17, 2018,

1. **ORDERED**, that Defendant Wendell R. Evans is ordered to pay the reasonable expenses, including attorney's fees, caused by his failure to appear for deposition; and it is further

---

[19] Fed.R.Civ.P. 37(d)(1)(A).

[20] Fed. R. Civ. P. 37(b)(2)(A)(iii), (v).

2.  **ORDERED**, that counsel for Plaintiffs Malik Jenkins, Shakena Jenkins, and John Volino file a declaration of fees and costs consistent with this order and opinion within 14 days; and it is further

3.  **ORDERED**, that Defendant Wendell R. Evans shall have 10 days to file his objections, if any, to the Plaintiffs' declaration of fees and costs.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

9/17/2018 10:45:24 AM

Original: Clerk of the Court
Hon. Madeline Cox Arleo, U.S.D.J.
cc: All parties
    File